**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JABBAR WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 09-0277-WS-B** |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (doc. 6). On June 12, 2009, the undersigned entered an Order (doc. 8) setting a deadline of June 25, 2009 for plaintiff's opposition brief. That deadline expired nearly two weeks ago; however, plaintiff, who is represented by counsel, has neither responded nor expressed any opposition to the pending Motion to Dismiss. The Court-ordered briefing schedule having concluded, the Motion is ripe for disposition.[1]

---

[1] Plaintiff's lack of response to the Motion is at his peril. Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not clearly presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it ...."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a ... motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Simply put, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Keaton v. Cobb County*, 545 F. Supp.2d 1275, 1310 (N.D. Ga. 2008) ("the Court does not manufacture arguments for parties"); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp.2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."); *Clemons v. Wal-Mart Stores, Inc.*, 2007 WL 2412908, *3 (S.D. Ala. Aug. 20, 2007) (plaintiff's "election not to proffer argument, evidence or authority in response to the Motion is at her peril, and this Court will not commit scarce judicial resources to ferreting out every possible contention [plaintiff] could have made, but chose not to make, in opposition to the Motion").

In his Complaint (doc. 1), plaintiff Jabbar Wilson alleged that defendant Midland Credit Management had improperly reported a collection account on his credit report, even though Wilson had never heard of Midland, had never been contacted by Midland, and was unaware of any such collection account. According to the Complaint, Wilson twice wrote to Midland to request validation of the debt and an explanation of the reporting of the collection account, as well as to demand that Midland cease reporting that account. On each occasion, however, Wilson maintains that Midland ignored his correspondence and continued to report the debt on his credit file. Pursuant to these allegations, Wilson brought claims against Midland for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), as well as state-law causes of action for negligence and wantonness. The negligence claim is predicated on Wilson's contention that Midland breached its "duty to Plaintiff to conduct reasonable collection efforts and to employ lawful means in its attempts to collect a debt against Plaintiff." (Doc. 1, ¶ 18.) As for the wantonness cause of action, Wilson alleges that Midland's efforts to collect the purported debt "were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being." (*Id.*, ¶ 20.) Although they are couched as debt collection claims, the Complaint alleges that Wilson never received letters or phone calls from Midland; therefore, it is clear that the gravamen of the state-law claims is that Midland inaccurately reported a debt to credit reporting agencies and refused to correct the error when Wilson apprised it of same.

Midland now seeks dismissal of Wilson's state-law causes of action (but not the FDCPA claims), on the theory that they are preempted by the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). In particular, Midland relies on FCRA language providing that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). In turn, § 1681s-2 spells out the duties of furnishers of information to credit reporting agencies to provide accurate information, including, *inter alia*, the duty not to furnish information if the furnisher has been notified by the consumer that specific information is inaccurate, and such information is in fact inaccurate; the duty to correct and update information promptly upon determining that previously submitted information is not complete or accurate;

the duty to notify consumer reporting agencies if information furnished is disputed by the consumer; and so on. *See* 15 U.S.C. §§ 1681s-2(a)(1)(B)(i), 1681s-2(a)(2), 1681s-2(a)(3). That section also requires furnishers of information to investigate upon notice of a dispute with regard to the completeness or accuracy of any such information furnished to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2(b)(1). Wilson's allegations against Midland fall within the ambit of matters regulated under § 1681s-2; therefore, his state-law claims on their face appear subject to the strictures of § 1681t(b)(1)(F).

Published and unpublished decisions from this District Court and elsewhere bolster Midland's position that Wilson's state-law claims are preempted by operation of § 1681t(b)(1)(F). In *Riley v. General Motors Acceptance Corp.*, 226 F. Supp.2d 1316 (S.D. Ala. 2002), for example, Chief Judge Granade found that the plaintiff's claims for negligence, defamation and other common-law torts against a furnisher of information to credit reporting agencies were preempted by FCRA. She reasoned that "[i]t is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies. ... The plain language of 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting." *Riley*, 226 F. Supp.2d at 1322 (citations and internal quotation marks omitted); *see also Knudson v. Wachovia Bank*, 513 F. Supp.2d 1255, 1260 (M.D. Ala. 2007) (where plaintiff's state-law claims were predicated on allegations that defendant had failed accurately to report his account information and failed to correct its reporting errors, such state-law claims are preempted "[u]nder the plain language of § 1681t(b)(1)(F)"); *Lofton-Taylor v. Verizon Wireless*, 2006 WL 3333759, *8 (S.D. Ala. Nov. 14, 2006) (holding that "allowing any private state law action to proceed against defendant based on violations of duties established by § 1681s-2(a) is inconsistent with the FCRA," such that "all of plaintiff's state law claims are preempted because they are based on the allegation that defendant furnished inaccurate information" to a credit reporting agency); *Allmond v. Bank of America*, 2008 WL 205320, *7 (M.D. Fla. Jan. 23, 2008) (where plaintiff alleged state-law claims on theory that Bank of America furnished inaccurate information to consumer reporting agency, those claims are preempted under § 1681t(b)(1)(F) and § 1681s-2). This line of authorities lends strong support to Midland's preemption argument.

In its memorandum, Midland quite properly recognizes that the case law on the preemptive effect of § 1681t(b)(1)(F) of FCRA is not unanimous. To date, neither the Supreme Court nor the Eleventh Circuit has authoritatively resolved these discrepancies. Moreover, the undersigned is well aware that the relevant statutory scheme is complex and multifaceted, and that study of the case law reveals a range of judicial interpretations of § 1681t(b)(1)(F), its scope, its interaction with other provisions of FCRA, and the boundaries of its preemptive effect. However, this Court will not undertake to articulate Wilson's arguments for him, to broach alternate constructions of § 1681t(b)(1)(F) that Wilson has not advocated, or otherwise to formulate creative legal theories for defeating Midland's facially logical, well-supported interpretation of the preemptive effect of FCRA.[2] Accordingly, the Court adopts the plain-language construction of § 1681t(b)(1)(F) found in the *Riley* line of cases. The allegations of the Complaint clearly reflect that Midland is a furnisher of information to consumer reporting agencies, and that Wilson seeks to hold it liable under negligence and wantonness theories for reporting inaccurate information about him to those agencies, and for failing to investigate or correct such information after notice that Wilson disputed the debt. As such, the challenged conduct of Midland is regulated under § 1681s-2, and falls squarely within the preemptive effect of § 1681t(b)(1)(F).

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 6) is **granted**. Plaintiff's state-law causes of action sounding in negligence and wantonness are **dismissed** pursuant to Rule 12(b)(6), Fed.R.Civ.P., inasmuch as they fail to state claims on which relief can be granted. This action will proceed as to plaintiff's statutory claim under the FDCPA.

DONE and ORDERED this 7th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

[2] To proceed otherwise would be to invite the parties to become idle spectators in their own litigation, sparing themselves the time and expense of preparing briefs because they could be secure in the knowledge that, even if they remain silent, the court will allocate whatever resources are needed to track down, investigate and evaluate all possible angles for defeating a dispositive motion filed against them. Such a system would be untenable on many levels.